**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

|  |  |  |
|---|---|---|
| KELLY CHURCH <br> and BRIAN CHURCH, individually and <br> as parents and next friends of Owen <br> Church, a minor <br> Plaintiffs <br><br> VS. <br><br> ANNETT HOLDINGS, INC, doing <br> business as FORTUNE EXPRESS, INC. <br><br> Defendant | * * * * * * * * * * * * * | NO: 3:07CV00033   SWW |

**ORDER**

Plaintiffs Kelly and Brian Church bring this personal injury action against Annett Holdings, Inc., doing business as Fortune Express, Inc., on behalf of themselves and Owen Church, their minor son.  Before the Court is Defendant's motion for partial summary judgment, seeking dismissal of Plaintiffs' claim for damages on behalf of Owen Church.  Plaintiffs did not respond directly to the motion for partial summary judgment, but they filed a motion to voluntarily dismiss the claims on behalf of Owen Church, without prejudice.  The time for responding has passed, and Defendant has not filed a response.  After careful consideration, Defendant's motion for partial summary judgment will be denied, and the motion for voluntary dismissal will be granted on the conditions provided in this order.  Also before the Court are two motions *in limine* by Defendant and Plaintiffs' responses in opposition.  For the reasons stated in this order, Defendant's motions *in limine* will be denied as moot.

1

**I**.

Plaintiffs allege that on February 18, 2005, Plaintiff Kelly Church's vehicle collided with Defendant's tractor-trailer after its driver turned in front of Church. At the time of the accident, Church was 17 weeks pregnant with a child later born and named Owen Church. Kelly Church alleges that she sustained multiple injuries from the accident, including amputation of her right foot.

In the complaint, Kelly and Brian Church seek damages for any injuries Owen Church may have suffered as a result of the accident, including injuries that may have been caused from medication and anesthesia administered to Kelly Church as a result of the accident. Defendant moves for summary judgment on the claim for damages on behalf of Owen Church. In support of its motion, Defendant asserts: "[T]here is no expert proof to state that Owen Church represented a viable fetus at 17 weeks gestation. More importantly, there is not expert proof that Owen Church sustained any personal injuries stemming from the subject accident." Docket entry #32, at 1.

After Defendant filed its motion for partial summary judgment, Plaintiffs filed a motion to voluntarily dismiss without prejudice claims on behalf of Owen Church. In support of their motion, Plaintiffs state: "It is too early in the life of this minor to test him to determine whether or not there are long term effects, if any, from the trauma that he endured *in utero* from this automobile accident, including the multiple doses of anesthesia his mother received that were passed to him and from the pain medication that his mother received while pregnant with him." Docket entry #33, ¶ 2.

Rule 41(a)(2) of the Federal Rules of Civil Procedure governs the issue of voluntary dismissal when the request for dismissal comes after an answer or motion for summary judgment. In such instances, "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2)

Rule 41(a)(2) guards against voluntary dismissals that result in prejudice to defendants. *See Paulucci v. City of Duluth*, 826 F.2d 780, 782 (8th Cir. 1987). However, a trial court should not deny a plaintiff's 41(a)(2) motion merely because the defendant may face defending another action brought by the plaintiff. *See Kern v. TXO Production Corp.*, 738 F.2d 968, 970 (8th Cir. 1984). In many cases, a trial court can alleviate the defendant's hardship by requiring that before the plaintiff may refile the action, the plaintiff must pay the defendant's costs incurred in the first litigation.[1] On the other hand, the Eighth Circuit has held that a trial court abuses its discretion in granting a motion for voluntary dismissal when "a defendant has already won its case [and] reimbursement of fees and expenses cannot make it whole from the injury of being sued again." *Kern*, 738 F.2d at 970.

In this case, the Court does not find that Defendant has already won its case with respect to Plaintiffs' claim on behalf of Owen Church. Accordingly, Defendant's motion for partial summary judgment will be denied, and Plaintiff's motion for voluntary partial dismissal will be granted, with the provision that if Plaintiffs refile the dismissed claim, they must pay any costs,

---

[1] Fed. R. Civ. P. 41(d) states: "If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the defendant, the court may make such order for the payment of costs of the action previously dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order."

expenses and fees incurred in this case with respect to the dismissed claim that are duplicated in the refiled action.

## II.

On February 22, 2008, Defendant filed a motion *in limine*, asking the Court to exclude proposed expert testimony by Dr. Lonnie E. Talbert. Defendants state that on February 6, 2008, Plaintiffs for the first time identified Dr. Talbert as an expert witness on the issue of lost earning capacity.[2] Defendants move that Dr. Talbert's testimony be disallowed on the ground that Plaintiffs failed to disclose him as a witness within 90 days before trial, as required under Federal Rule of Civil Procedure 26(a)(2)(C). When Defendant's filed their motion, trial was scheduled to begin on April 14, 2008.

Defendant states that Dr. Talbert posits a theory of future lost earning capacity that results in 1.6 million in damages. Defendant asserts that it will suffer prejudice as a result of Plaintiffs' untimely disclosure because, given the late date, it can only call an expert for the purpose of contradicting or rebutting Dr. Talbert's testimony and cannot use an expert to "formulate new and different opinions which go beyond the scope of Dr. Talbert's opinions." *See* Fed. R. Civ. P. (A)(2)(C)(setting time for disclosure at 30 days before trial when evidence is intended only to contradict or rebut evidence on the same subject matter).

In response, Plaintiffs assert that they disclosed Dr. Talbert within the Court's deadline for discovery. However, that deadline does not affect the deadline imposed under Federal Rule of Civil Procedure 26(a)(2)(C) for disclosing the identity of any person who may be used at trial

---

[2] Defendant reports that it propounded written discovery requests on October 19, 2007, which specifically required Plaintiffs to disclose any and all expert witnesses.

4

to present evidence under Rules 702, 703, or 705.  Rule 26(a)(2)(C) provides, "In the absence of other directions from the court or stipulated by the parties, the disclosures shall be made at least 90 days before the trial date . . . . " Fed. R. Civ. P. 26(a)(2)(C).

In deciding whether to exclude a witness on the basis of untimely identification, the Court should consider (1) the reason for failing to disclose the witness earlier, (2) the importance of the witness's testimony, (3) the opposing party's need for time to prepare, and (4) whether a continuance would be useful.  See *Life Plus Intern. v. Brown*, 317 F.3d 799, 803-04 (8th Cir. 2003).

Here, Plaintiffs identified Dr. Talbert as an expert witness 22 days after the deadline under Rule 26(2)(C) expired.  Dr. Talbert's testimony is important, and Plaintiffs offer no explanation for their untimely disclosure.  However, the Court recently continued the trial date, which will allow Defendant to conduct further discovery if necessary and supplement its expert disclosures on the issue of future earnings.  Accordingly, the motion to exclude Dr. Talbert's testimony will be denied as moot.

On March 11, 2008, before the Court continued the trial date, Defendant filed a second motion *in limine*, asking the Court to exclude the testimony of Dr. Glenn Dickson.  On March 10, 2008, Plaintiffs provided Defendant an expert report containing Dr. Dickson's opinions regarding the long-term effects of Kelly Church's injuries.  Plaintiffs identified Dr. Dickson as an expert witness on March 5, 2008, well beyond the deadline for disclosing expert witnesses.  As an alternative to excluding Dr. Dickson's testimony, Defendant requests a continuance of the trial date. Because the trail date has been continued, the Court will deny as moot Defendant's second motion *in limine*.

Due solely to the Court's schedule, the trial date has been continued, and Plaintiffs' untimely disclosures will not result in the exclusion of expert testimony. However, Plaintiffs are reminded of their important duty to comply with all disclosure obligations mandated by the Federal Rules of Civil Procedure.

### III.

IT IS THEREFORE ORDERED that Plaintiffs' motion for voluntary dismissal of the claim on behalf of Owen Church (docket entry #33) is GRANTED, with the following provision: If Plaintiffs refile the claim on behalf of Owen Church, they must pay Defendant any costs, expenses and fees incurred in this case with respect to the dismissed claim, which are duplicated in the refiled action.

IT IS FURTHER ORDERED that Defendant's motion for partial summary judgment (docket entry #30) is DENIED AS MOOT.

IT IS FURTHER ORDERED that Defendant's motions *in limine* (docket entries #35, #41) are DENIED AS MOOT.

IT IS SO ORDERED THIS 7TH DAY OF APRIL, 2008.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE