IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

KELLY CHURCH and
BRIAN CHURCH                                                                                    PLAINTIFFS

vs.                                     NO: 3:07CV00033BSM

ARNETT HOLDINGS, INC.,
d/b/a FORTUNE EXPRESS, INC.                                                             DEFENDANT

## **ORDER**

Plaintiffs filed this action to recover damages Kelly Church sustained a result of a motor vehicle collision. Plaintiff Brian Church brings a claim for loss of consortium. Pending before the court are a number of motions in limine.

<u>Defendant's First Motion in Limine </u>(Doc. No. 58):

Defendant asks that the court exclude plaintiffs from introducing evidence of medical bills in excess of what was paid or owed. Under Ark. Code Ann. § 16-55-212(b), "evidence of damages for the costs of any necessary medical care, treatment, or services received shall include only those costs actually paid by or on behalf of the plaintiff or which remain unpaid and for which the plaintiff or any third party may be legally responsible." Plaintiff Kelly Church has medical expenses in excess of $106,510.31 but $57,936.97 was written off by various medical care providers, and plaintiff is no longer responsible for the written off charges. Defendant argues that plaintiffs should be prohibited from introducing evidence of the $57,936.97 in medical expenses.

Plaintiffs ask that the court allow them to introduce evidence of the reasonable

expense of medical services provided to plaintiff Kelly Church.  They argue that the court should declare Ark. Code Ann. § 16-55-212(b) unconstitutional and have submitted twenty-seven state court decisions holding the statute unconstitutional.  Additionally, the Honorable Jimm Hendren, Chief Judge of the United States District Court for the Western District of Arkansas, held the statute unconstitutional. *Burns v. Ford Motor Co.*, 549 F Supp. 2d 1081 (W. D. Ark. 2008).  The Honorable J. Leon Holmes, Chief Judge of the United States District Court for the Eastern District of Arkansas certified the question to the Arkansas Supreme Court on August 21, 2008. *Johnson v. Rockwell Automation, Inc.*, No. 1:06cv0017JLH, 2008 WL 3914161 (W. D. Ark. Aug. 21, 2008).  On September 12, 2008, the Arkansas Supreme Court accepted certification of whether, under the facts of the case, the provisions of Ark. Code Ann. § 16-55-212(b) violate the Arkansas Constitution. *See* 1:06CV00017JLH, Doc. No. 141.

Defendant has filed a reply.  It argues that the statute is presumed to be constitutional and no Arkansas appellate court has held it unconstitutional.  It has submitted a decision by the Honorable James Moody, United States District Judge for the Eastern District of Arkansas, declining to find the statute unconstitutional. *Smith v. Cardinal Health 303, Inc.*, 4:06CV00918JMM.

Statutes are presumed to be constitutional.  "Any doubt as to the constitutionality of a statute must be resolved in favor of its constitutionality. *Summer v. Thrower*, 360 Ark. 231, 235-36 (Ark. 2007) (internal citations omitted).  In the absence of a ruling by an Arkansas

appellate court declaring the statute to be unconstitutional, the court finds that it applies in this instance.

Therefore, defendant's first motion in limine is granted. Plaintiffs will be precluded from introducing evidence of the amount written off by the medical care providers.

<u>Defendant's Second Motion in Limine</u> (Doc. No. 65)

Defendant asks that the court prohibit plaintiffs from using in opening statement or in closing argument a "per diem" or "unit of time" argument for plaintiff Kelly's Church's pain and suffering. Plaintiffs object, arguing that defendant seeks to unfairly limit plaintiffs from making legal arguments in support of their claim for compensatory damages.

Defendant's request is denied. Defendant will not be unduly prejudiced by allowing plaintiffs to make a per diem argument. The jury will be instructed that opening statements and closing arguments are not evidence. Defendant will have an opportunity to argue its position concerning the appropriateness of a per diem basis for recovery. *See Vanskike v. ACF Indus.*, 665 F.2d 188, 211 (8th Cir. 1981) (declining to disapprove of per diem closing arguments as long as such arguments are carefully controlled by the trial court.).

Therefore, defendant's second motion in limine is denied.

<u>Defendant's Third Motion in Limine</u> (Doc. No. 68)

Defendant asks that plaintiffs be precluded from offering evidence that due to Kelly Church's injuries, Brian Church's opportunity to receive tenure as a college professor may be jeopardized. Defendants argue that Brian Church's loss of consortium claim does not include

damages for lost wages or future lost earning capacity.

Plaintiffs counter that the evidence of Brian Church's employment is relevant to Kelly Church's mental anguish claim. They assert that since the time of the collision, Kelly Church's mental anguish has been compounded by her worry over Brian Church's position at Arkansas State University.

The court cannot at this time find that the evidence should be precluded. The court will be in a better position to determine its admissibility at the time it is proffered at trial. Thus, defendant's third motion in limine is denied without prejudice to renew.

Defendant's Fourth Motion in Limine (Doc. No. 70)

Defendant asks that the court exclude evidence that plaintiffs' two daughters who were injured in the accident giving rise to this lawsuit settled their claims before trial. Defendant further seeks to prohibit plaintiffs from suggesting that either daughter was seriously injured in the accident. Additionally, plaintiff Kelly Church was 17 weeks pregnant at the time of the accident. Defendant asks that plaintiffs be prohibited from attempting to suggest to the jury the possibility that the fetus was injured as a result of the accident.

Plaintiffs contend that the evidence is relevant to Kelly Church's claim for mental anguish. The court finds that the evidence is admissible. Therefore, defendant's fourth motion in limine is denied.

IT IS SO ORDERED this 12th day of November, 2008.

UNITED STATES DISTRICT JUDGE